UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
YARSLOV CHURUK,                                     :
                                                    :
             Petitioner,        :
                                                    :     **MEMORANDUM OF**
    -against-                                   :     **DECISION**
                                                    :
R. RAMOS,                                           :     23-CV-213 (VDO)
                                                    :
             Respondent.        :
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Petitioner Yaroslav Churuk[1] is a federally sentenced inmate incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). He brings this action *pro se* under 28 U.S.C. § 2241 challenging disciplinary sanctions. In response to the Court's, Nagala, U.S.D.J., order to show cause, Respondent has filed a motion to dismiss the petition on the ground that the petition is barred by res judicata. For the following reasons, the motion is **granted**, and the petition is dismissed.

**I.    BACKGROUND**

Petitioner was incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC Philadelphia"), when he filed this petition. In the petition, he challenges disciplinary reports received from June 22, 2021 to August 17, 2021, while he was confined at FCI Fort Dix. He has since been transferred to FCI Danbury.

Petitioner challenges his guilty findings on twelve disciplinary charges: 3517069, Code 320, failure to stand count; 3520267, Code 320, failure to stand count; 3517030, Code 320,

---

[1] A search for Petitioner's inmate number in the Bureau of Prisons Inmate Locator shows that his correct name is Yaroslav Churuk. *See* www.bop.gov/inmateloc/ (last visited Feb. 9, 2024).

failure to stand count; 3516832, Code 402, malingering or feigning illness; 3545799, Code 307, refusing to obey an order; 3534962, Code 307, refusing to obey an order; 3537090, Code 307, refusing to obey an order; 3536971, Code 307, refusing to obey an order; 3537248, Code 307, refusing to obey an order; 3536854, Code 307, refusing to obey an order; 3537353, Code 307, refusing to obey an order; and 3537076, Code 307, refusing to obey an order.  Petitioner appended to this list of disciplinary charges a copy of the petition he filed in *Churuk v. Pullen*, No. 3:22-cv-1385 (KAD), describing it as a "formal statement of facts" and explanation of exhaustion of administrative remedies.  *See* Pet., Doc. No. 1.

Petitioner filed *Churuk v. Pullen* in November 2022 challenging the eight disciplinary charges for violating Code 307 listed above.  On January 12, 2023, the court, Dooley, U.S.D.J., dismissed this first petition for failure to pay the filing fee.  On April 13, 2023, Petitioner filed a motion to reopen which the court granted.  On July 28, 2023, the court, Dooley, U.S.D.J., dismissed the petition after a consideration of the merits of Petitioner's claims.  *See* Resp't's Mem. Ex. C.  Petitioner filed this petition on February 17, 2023, during the period the first case was closed.

## II.    LEGAL STANDARD

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence.  Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or disciplinary sanctions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

A finding that a claim is barred by res judicata means that the claim was, or could have been, raised in the prior action.  It is well-settled that "[o]nce a court has decided an issue, it is

'forever settled as between the parties.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n*, 238 U.S. 522, 525 (1931)). "Res judicata will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books, LLC v. United States*, 438 F. App'x 31, 33 (2d Cir. 2011) (internal quotation marks omitted). Res judicata "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. ___, 140 S. Ct. 1589, 1594 (2020). Like represented litigants, *pro se* litigants are bound by the doctrine of res judicata. *See Romanka v. H&R Block Mortg. Corp.*, No. 17-cv-7411, 2018 WL 4782979, at *5 (E.D.N.Y. Sept. 30, 2018) (citation omitted).

## III.   DISCUSSION

Respondent moves to dismiss the petition on the ground of res judicata as Petitioner has challenged many of the disciplinary charges in his first petition. Although Petitioner was afforded notice of his obligation to respond to the motion, Doc. No. 15-2, he has not filed a memorandum in opposition to the motion or sought an extension of time within which to do so.

As stated above, four conditions must be met before res judicata will bar a subsequent action. First, the prior action must be a final judgment on the merits. Judge Dooley granted the motion to dismiss the first petition on the ground that the petition failed to set forth any cognizable constitutional claims. Judgment subsequently entered in favor of the respondent. Thus, the first condition is met.

The second condition is that the decision must have been entered by a court of competent jurisdiction. The first petition was filed in this court.

The third condition is that the prior case involve the same parties or their privies. Petitioner filed both cases. In each case, the respondent is the warden at the facility where Petitioner was incarcerated when he filed the petition, the warden at FCI Danbury in the first case, the warden at FDC Philadelphia in this case. As Petitioner has been transferred back to FCI Danbury, Respondent argues that the warden at FCI Danbury is the proper respondent in both cases. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held...."). Even if this were not the case, "[t]here is privity between officers of the same government so that a judgment is a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Overview Books LLC v. United States*, 755 F. Supp. 2d 409, 418 (E.D.N.Y. 2010) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) (internal quotation marks omitted)). Thus, the third condition is met.

The final condition is that the two cases involve the same cause of action. This case challenges the same eighth disciplinary charges as in the first petition and adds four others. Thus, the cause of action is the same. Further, Petitioner alleges that all disciplinary charges were incurred between June and August 2022. As he did not file the first petition until November 2022, Petitioner could have challenged all twelve disciplinary charges in the first petition. The fact that he did not do so, does not negate application of res judicata. *See Lucky Brands*, 140 S. Ct. at 1594 (res judicata applies to issues that could have been, but were not, raised in the prior action).

4

As all four conditions are met, Petitioner's claims in this action are barred by res judicata.

## IV. CONCLUSION

Respondent's motion to dismiss [Doc. No. 15] is **GRANTED** on the ground that the petition is barred by res judicata.

**SO ORDERED.**

Hartford, Connecticut
February 12, 2024

                                              /s/Vernon D. Oliver
                                              VERNON D. OLIVER
                                              United States District Judge